UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

------------------------------- x
AVEPOINT, INC.,                 :
                                :
   Plaintiff/Counterclaim-Defendant,  :   Civil Action No. 2:09-cv-03694-SDW-MCA
                                :
   v.                           :
                                :
JANALENT CORPORATION,           :
                                :
   Defendant/Counterclaim-Plaintiff.  :
------------------------------- x

## DECLARATION OF MONTY MYERS

Monty G. Myers, pursuant to 28 U.S.C. § 1746, hereby declares under penalty of perjury as follows:

1. I am a software expert retained on behalf of the defendant-counter-claim plaintiff Janalent Corporation ("Janalent"), in the above captioned action.

2. The purpose of this declaration is to articulate my conclusions about AvePoint's production of source code to date and to specify the needs for additional source code and document production from AvePoint, Inc. in order to perform the detailed software analyses required in this matter. The additional source code described below is necessary for me to review AvePoint software applications and to be able to render an expert opinion on whether AvePoint's software products incorporate trade secrets indentified by Janalent Corporation as being misappropriated.

3. On May 6, 2010 we received from AvePoint, Inc. two laptops with source code files stored on the hard drives. The laptops contain the source code for Athena Alpha Client and

LEGAL02/32145493v1

Page 1 of 4 received on 8/27/2010 7:34:49 PM [Eastern Daylight Time] on server RFAXATL51.

08/27/2010  14:28    5123271235                    MYERS HOME                              PAGE  02/04

Athena Alpha Server, parts of the source code for Extender Client and Connector Client, and a small portion of the source code for DocAve Server Platform.

4. After an initial review of the laptops provided by AvePoint, I was able to identify a number of technical problems with the production[1]. For three months (May – July 2010) my colleagues and I were continuously but unsuccessfully trying to assemble a runnable and debuggable software product from the provided source code. During these three months my team spent hundreds of hours trying to build the provided source code into a runnable and debuggable condition.

5. After the numerous attempts to bring the provided source code to reviewable form, I have concluded that the source code production of May 6, 2010 does not include all source code files necessary to build and test/debug AvePoint software products, as was ordered in Supplemental Discovery Confidentiality Order which was supplied to me by Janalent's counsel.

6. Therefore I am not able to perform a productive review of this source code and to render an expert opinion on whether the AvePoint's software products incorporate any of the Janalent's trade secrets claimed to be misappropriated by AvePoint, Inc.

7. On August 10, 2010 AvePoint produced another set of source code files. This production included approximately 155 new files as well as another copy of some of the previously produced source code files. Also, approximately 57 files that were produced earlier were removed from this production. However, these initially produced files and the miniscule amount of additional files do not amount to a full source code production which would have allowed me to build a runnable, debuggable system.

---

[1] See Declaration of Veronica Weinstein of July 28, 2010, detailing numerous problems with the source code production and several attempts to cure the production deficiencies by the parties.

LEGAL02/32145493v1                              - 2 -

Page 2 of 4 received on 8/27/2010 7:34:49 PM [Eastern Daylight Time] on server RFAXATL51.

08/27/2010  14:20   5123271235              MYERS HOME                    PAGE  03/04

8. After review of these additional files I conclude that I am still not able to conduct a productive, reliable and complete review of the provided source code and to render an expert opinion on whether AvePoint products incorporate Janalent's trade secrets.

9. As was discussed in my declaration of July 13, 2010, AvePoint's source code production has following deficiencies:

   a. the production does not include a large portion of source code files for DocAve Client and Server Platform;

   b. virtually all of the files for Extender Client are missing Subversion historical data;

   c. large portions of the Extender and Connector Client were provided to me in the form of compiled libraries, without corresponding source code and Subversion history;

   d. the production lacks full documentation for building complete working system from separate compiled parts for Extender Client, Connector Client, DocAve Platform, Athena Client and Athena Server.

10. AvePoint's production of August 10, 2010 did not cure any of the above-listed deficiencies.

11. As a result of these deficiencies I am not able to build a runnable, debuggable system and not able to test the provided source code in a run-time debuggable mode as is customary in the industry and to determine whether the produced source code corresponds to the DocAve products in question.

Page 3 of 4 received on 8/27/2010 7:34:49 PM [Eastern Daylight Time] on server RFAXATL51.

12. Also, I am not able to ascertain whether AvePoint's products incorporate the trade secrets AvePoint is accused of misappropriating. Thereby I am not able to render an expert opinion on these issues based on the source code productions received by Janalent to date.

13. During review of the first AvePoint's source code production in May-July 2010, I was working under assumption, based on Supplemental Discovery Confidentiality Order, Paragraph 1, which was provided to me by Janalent's counsel, that AvePoint was to make a production of buildable, runnable and debuggable source code. I presumed that AvePoint's production was in compliance with the Order. This caused me to waste numerous hours trying to determine what causes the problem with compiling and building of the system and attempting to fix the problems with the production as they were being discovered. Also a number of deficiencies were being continually identified through the lengthy and detailed review of the source code production. Had I known that AvePoint did not provide a compliant source code production and that we ultimately would not have been able to build a runnable and debuggable system; I would not have spent all this time trying to resolve numerous problems and fix obvious and latent deficiencies that kept surfacing during the review process.

I declare, under penalty of perjury, that the foregoing is true and correct.

Executed in Austin, Texas, on ___August 27th___, 2010

_____
Monty G. Myers